United States District Court
Eastern District of Michigan
Southern Division

SDRH Salon, LLC,

        Plaintiff,                  Case No.  2:19-cv-11623
                                    Hon. David M. Lawson
v.                                     Mag. Judge Elizabeth A. Stafford

Secura Insurance, A Mutual Company,

        Defendant.

---

| Rabih Hamawi (P80481) | Shelly Lee Griffin (P49488) |
|---|---|
| Law Office of Rabih Hamawi, P.C. | Brian Casey (P23438) |
| Attorney for Plaintiff | Secrest Wardle |
| 2000 Town Center, Suite 1900 | Attorneys for Defendant |
| Southfield, Michigan 48075 | 2600 Troy Center Drive |
| Phone: (248) 905-1133 | PO Box 5025 |
| rh@hamawilaw.com | Troy, MI 48007 |
| | Phone: (248) 851-9500 |
| | Fax: (248) 251-1811 |
| | sgriffin@secrestwardle.com |

---

### Plaintiff's Motion for Summary Judgment
### under FED. R. CIV. P. 56 and to Compel Statutory Appraisal

Under FED. R. CIV. P. 56, Plaintiff, SDRH Salon, LLC moves this

Honorable Court for summary judgment and to compel appraisal. To

support its motion, SDRH Salon, LLC relies upon the facts, argument, and

legal authority in its supporting brief, and respectfully requests that the

Court orders as follows:

a. Declare that the dispute regarding the amount of business-income and debris-removal losses must be submitted to binding statutory appraisal under MICH. COMP. LAWS §500.2833(1) and (1)(m);

b. Appoint a neutral umpire for the appraisal proceeding from the names previously provided: Bill Butler; Retired Judge Daniel Ryan; or Kara Tertzag Levidini;

c. Compel Defendant Secura Insurance, a Mutual Company, to immediately pay the business-income amounts it calculated and that it is not disputing (an additional $24,782.25), along with 12-percent penalty interest;

d. Upon completion of the appraisal proceedings, enter Judgment for Plaintiff, SDRH Salon, LLC, for the amounts of the appraisal award plus 12-percent interest under MICH. COMP. LAWS §500.2833(1) and MICH. COMP. LAWS §500.2006; and

e. Grant SDRH Salon, LLC costs, attorney fees, and any other relief this Honorable Court deems fair and just.

Under LR 7.1(d), there was a conference between counsel for Plaintiff and Defendant, wherein the nature of Plaintiff's motion and its legal basis were discussed. Plaintiff requested concurrence in the relief sought, but concurrence wasn't obtained.

Respectfully submitted,

Law Office of Rabih Hamawi, P.C.

*/s/ Rabih Hamawi*
Rabih Hamawi (P80481)
Attorney for Plaintiff
rh@hamawilaw.com

Date: November 13, 2019

2

United States District Court
Eastern District of Michigan
Southern Division

SDRH Salon, LLC,

                    Plaintiff,                                    Case No. 2:19-cv-11623
                                                                 Hon. David M. Lawson
                                                                 Mag. Judge Elizabeth A. Stafford

v.


Secura Insurance, A Mutual Company,

                    Defendant.

_____

Rabih Hamawi (P80481)                          Shelly Lee Griffin (P49488)
Law Office of Rabih Hamawi, P.C.               Brian Casey (P23438)
Attorney for Plaintiff                         Secrest Wardle
2000 Town Center, Suite 1900                   Attorneys for Defendant
Southfield, Michigan 48075                     2600 Troy Center Drive
Phone: (248) 905-1133                          PO Box 5025
rh@hamawilaw.com                               Troy, MI 48007
                                               Phone: (248) 851-9500
                                               Fax: (248) 251-1811
                                               sgriffin@secrestwardle.com

_____

**Plaintiff's Brief in Support of its Motion for**
**Summary Judgment under FED. R. CIV. P. 56**
**and to Compel Statutory Appraisal**

# Table of Contents

Concise Statement of Issues Presented.........................................................ii, iii

Index of Authorities..............................................................................................v

Introduction..........................................................................................................2, 3

Statement of Facts.............................................................................3, 4, 5, 6

Law and Argument.............................................................................................7

    A. Standard of review ...........................................................................7

    B. Overview of Legal Issues.................................................................8, 9

    1. Secura's alleged "Coverage Questions"...9, 10, 11, 12,13, 14, 15, 16, 17, 18

Conclusion..........................................................................................................18

Relief Requested..............................................................................................19

## Concise Statement of Issues Presented

On January 2, 2019, a fire destroyed multiple units adjacent to the space that SDRH Salon leases, which caused SDRH Salon to sustain severe smoke and water damage to the women's hair salon it has been operating since February 2011. As a result, SDRH Salon lost its business personal property and had to completely cease its business operations.

Subsequently, SDRH Salon made a claim with its insurer, Defendant, Secura Insurance, and reached agreements on the damage for the business personal property, signs, partial debris removal, and partial business income losses. Between January and April 2019, Secura paid a total of $83,000. But Secura rejected the total amount of business income that SDRH Salon had claimed ($153,752), and instead Secura determined that the total amount owed for business income is $57,825.25. Secura also refused to pay the remaining amounts of debris removal of $3,675.

Michigan law (specifically, MICH. COMP. LAWS §500.2833(1) and (1)(m)) provides that if an insurer and its policyholder disagree over the amount of loss, either may demand appraisal (i.e. common law arbitration), so that the correct "amount of loss" may be set by a neutral, quasi-judicial body. Because there was an unresolved dispute over the amount of loss, SDRH Salon demanded that the disagreement be submitted to appraisal for resolution.

Although Secura had agreed to participate in appraisal and had selected an appraiser, it failed to pay any additional undisputed amounts. In June 2019, SDRH Salon filed this Declaratory Judgment action to compel that the claim be submitted to appraisal as required under Michigan law, so the dispute could finally be resolved.

In response to this Declaratory Judgment action, Secura has asserted that it is excused from its statutory duty to proceed to appraisal alleging that coverage questions exist. The primary issue is the following:

> (1) Is Secura excused from proceeding to appraisal because there exists a dispute over the amount of the business loss and debris removal caused by the resulting smoke and water damage, when every Michigan authority addressing the issue dictates that disputes over the amount of loss are part of the amount of loss calculation for the appraisal panel, and do not constitute legal coverage issues that must first be determined by the Court.

SDRH Salon's motion for Summary Judgment addresses this issue, and its brief entitles it to an Order from the Court compelling Secura to submit this disagreement over the amount of loss to appraisal as required under Michigan law.

## Controlling/Most Appropriate Authority

## Summary Judgment standard

FRCP 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Celotex v. Catrett*, 477 U.S. 317, 106 Sup. C.t 25 48 (1986) . . . . . . . . . . . . . . .... 7

## MICH. COMP. LAWS §500.2833 and insurer's obligation to proceed to appraisal on policyholder's demand

MICH. COMP. LAWS §500.2833 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 11, 12, 13, 15

## Determination of amount of damages is not a "coverage issue"

*Auto-Owners Ins. Co. v. Kwaiser*, 190 Mich App 482, 486, 476 NW2d 467 (1991) . . . 8, 10, 11, 15, 16

*Stadel v. Granger Brothers, Inc.*, 4 Mich. App. 250, 258, 144 N.W.2d 609 (1966)......................................................................8

*Smith v. State Farm*, 737 F. Supp. 2d 702, 710 (E.D. Mich. 2010)................. 11, 12, 13, 17

*Olivet Coll. v. Ind. Ins. Co.*, No. 1:98-CV-821, 1999 U.S. Dist. LEXIS 24118 (W.D. Mich. Sep. 2, 1999)...11, 14, 15, 17

Department of Insurance and Financial Services Memorandum, December 20, 2017.....................................................................11, 17

*UrbCamCom/WSU I, LLC v. Lexington Ins. Co.*, No. 12-CV-15686, 2014 U.S. Dist. LEXIS 56228 (E.D. Mich. Apr. 23, 2014)................................13, 17

## I.    Introduction

This action concerns a dispute between the parties as to the amount of business-income (BI) and debris-removal losses that Plaintiff, SDRH Salon, LLC (SDRH Salon) may recover under the parties' insurance contract (the Policy) following a fire at the strip shopping center where SDRH Salon was a tenant.

The fire destroyed multiple units adjacent to the space that SDRH Salon leases and caused SDRH Salon to sustain severe smoke and water damage to the women's hair salon it has been operating since February 2011.

After the loss, a dispute arose between Secura and SDRH Salon over the amounts of loss owed for the BI and debris removal. As permitted under the Policy and MICH. COMP. LAWS §500.2833(1)(m), SDRH Salon demanded Appraisal to resolve this disagreement over the amount of loss of the BI and debris-removal losses.

Secura agreed to participate in Appraisal but determined that the amount owed for the BI losses equals seven months, a total of $57,825.25, and not 12 months, a total of $153,752, as SDRH Salon had requested.

Having not been able to agree on the amount of loss, SDRH Salon sued Secura to compel appraisal as permitted under the Policy and

Michigan law. ECF No. 1.

Secura filed an answer objecting to Appraisal, arguing that the parties' dispute can't proceed to appraisal because "a question of coverage exists." ECF No. 4 at 8. In its affirmative defenses, Secura failed to include any facts supporting what these alleged coverage questions are. *Id.*

As further explained below, this Honorable Court must grant SDRH Salon's motion for summary judgment and order this dispute be submitted to binding statutory appraisal.

## II.    Statement of Facts

Davina Brooks (Ms. Brooks) and Stacey Withers (Ms. Withers) co-own and operate SDRH Salon as a women's hair salon. Ex. 1, Affidavit of Davina Brooks. Ex. 2, Affidavit of Stacey Withers. SDRH Salon is located at 2065 E. Eight Mile Rd., Warren, Michigan, as a part of a strip shopping center (Plaza) along with several other businesses. Ex. 1, Affidavit of Davina Brooks. Ex. 2, Affidavit of Stacey Withers. SDRH Salon has been a tenant of the Plaza since February 2011. Ex. 1, Affidavit of Davina Brooks. Ex. 2, Affidavit of Stacey Withers.

On January 2, 2019, a fire destroyed part of the Plaza. *Id.* As a result, SDRH Salon sustained severe smoke and water damage to its women's hair

salon, which resulted in the total loss of its business personal property (BPP), and the complete cessation of its business operation. *Id*.

SDRH Salon timely notified Secura of its losses and retained Chuck Sorrell (Mr. Sorrell) of Xpert Claims Services as its public adjuster. *Id*. Ex. 1, Affidavit of Davina Brooks. Ex. 2, Affidavit of Stacey Withers. Ex. 3, Affidavit of Chuck Sorrell.

Secura acknowledged its liability, and paid SDRH Salon a $5,000 advance on its BPP losses. Ex. 1, Affidavit of Davina Brooks. Ex. 2, Affidavit of Stacey Withers. On January 28, 2019, Secura paid SDRH Salon an additional $35,000, which constitutes the remaining Policy limits for BPP. Ex. 1, Affidavit of Davina Brooks. Ex. 2, Affidavit of Stacey Withers.

On February 15, 2019, SDRH Salon submitted an invoice of $11,175, reflecting the amounts it paid for debris removal. Ex. 1, Affidavit of Davina Brooks. Ex. 2, Affidavit of Stacey Withers. Ex. 3, Affidavit of Chuck Sorrell. Ex. 4, Debris Removal Invoice. On February 21, 2019, Secura paid SDRH Salon $2,500 for sign coverage. Ex. 1, Affidavit of Davina Brooks. Ex. 2, Affidavit of Stacey Withers.

On February 26, 2019, Secura paid SDRH Salon $4,000 for debris removal. Ex. 1, Affidavit of Davina Brooks. Ex. 2, Affidavit of Stacey Withers. Ex. 3, Affidavit of Chuck Sorrell. On April 17, 2019, Secura paid an

additional $3,500 in debris removal. *Id*. Secura paid SDRH Salon a total of $7,500 in debris removal expenses but failed to pay any additional amounts. *Id*.

On February 23, 2019, Mr. Sorrell submitted SDRH Salon's BI claim and supporting documentation to Jeffrey Berty (Mr. Berty). *Id*. Mr. Sorrell submitted a BI claim totaling $153,752 based on amounts reflecting 12-month period of BI. *Id*.

On March 25, 2019, Secura responded to the BI claim that SDRH Salon had submitted, disputing the total amounts owed. *Id*. Secura, however, paid SDRH Salon $33,043. Ex. 1, Affidavit of Davina Brooks. Ex. 2, Affidavit of Stacey Withers. Ex. 3, Affidavit of Chuck Sorrell. Ex. 5, Secura's letter paying additional BI.

In its March 25, 2019's letter, Secura disputed the total amounts owed to SDRH Salon for BI amounts and debris removal. *Id*. Ex. 3, Affidavit of Chuck Sorrell.

As permitted under MICH. COMP. LAWS §500.2833(1)(m) and the Policy, on April 2, 2019, SDRH Salon selected Mr. Sorrell as its appraiser, and demanded that all amounts of loss related to BI losses, including the amounts of loss for the debris removal be resolved through the statutory and binding Appraisal process. Ex. 3, Affidavit of Chuck Sorrell. Ex. 6,

5

Appraisal Demand.

On April 17, 2019, Secura agreed to participate in the Appraisal process and named J. Berty Investigative Accounting as its appraiser for the BI loss, but Secura disputed the amount owed under the BI, offering to pay only $57,825.25, which is an amount representing a seven-month period. Ex. 3, Affidavit of Chuck Sorrell. Ex. 7, Secura's Agreement to Proceed to Appraisal. Secura also disputed the amount of the debris removal owed, offering to pay only $7,500. *Id.*

Due to this dispute, SDRH Salon could not proceed with the Appraisal process under the Policy and Michigan law, which forced SDRH Salon to file a complaint for declaratory action to compel Appraisal and the appointment of an Umpire to protect its rights under the Policy and Michigan law. ECF No. 1.

In its complaint, SDRH Salon also requested the Court to appoint one of these three individuals to act as an Umpire for the Appraisal proceedings: 1) Bill Butler; 2) Retired Judge Daniel Ryan; or 3) Kara Tertzag Levidini.

Secura filed an answer and affirmative defenses, refusing to participate in Appraisal, alleging primarily that the appraisal demand is

premature because there remain "coverage questions" that Secura didn't

identify. ECF No. 4.

## III.  Law and Argument

### A.  Standard of Review

The standard for summary judgment based on FED. R. CIV. P. is

discussed at length in *Celotex v. Catrett*, 477 U.S. 317, 106 Sup. Ct. 25 48

(1986), in which the Supreme Court of the United States stated:

> In our view, the plain language of Rule 56(c) mandates the entry of
> summary judgment, after adequate time for discovery and upon
> motion, against a party who fails to make a showing sufficient to
> establish the existence of an element essential to that party's case, and
> on which that party will bear the burden of proof at trial. In such a
> situation, there can be "no genuine issue as to any material fact,"
> since a complete failure of proof concerning an essential element of
> the nonmoving party's case necessarily renders all other facts
> immaterial. The moving party is "entitled to a judgment as a matter of
> law" because the nonmoving party has failed to make a sufficient
> showing on an essential element of its case with respect to which it
> has the burden of proof (id. at 322-323).

The Policy at issue provides coverage on an "all risks" basis, which

means trigger is coverage, and the policyholder's initial burden is satisfied,

if the insured establishes "direct physical loss" during the policy period,

which is undisputed in this case. Accordingly, it is Secura that bears the

burden of proof of establishing that, for one or another policy-based

reasons, it is excused from complying with its statutory and contractual

duty to proceed to appraisal.

## B.  Overview of Legal Issues

This is an action for Declaratory Judgment to compel appraisal under

MICH. COMP. LAWS §500.2833(1), which provides, in relevant part:

> (1) Each fire insurance policy issued or delivered in this state shall contain the following provisions:

> * * *

> (m) That **if the insured and insurer fail to agree on the actual cash value or amount of the loss**, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal.  **If either makes a written demand for appraisal, each party shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days after receipt of the written demand**. The 2 appraisers shall then select a competent, impartial umpire. . . .Written agreement signed by any 2 of these 3 shall set the amount of the loss

Ex. 8, MICH. COMP. LAWS §500.2833 (Emphasis added).

The statutory appraisal process under MICH. COMP. LAWS §

500.2833(1)(m) is akin to common law arbitration and is a "substitute for

judicial determination of a dispute concerning the amount of loss, [and] a

simple and inexpensive method for the prompt adjustment and settlement

of the claims." *Auto-Owners Ins. Co. v. Kwaiser*, 190 Mich. App. 482, 486,

476 N.W.2d 467 (1991). Michigan strongly favors arbitration, and Michigan

courts liberally construe arbitration clauses and resolve any doubts in favor

of arbitration and appraisal. *Id.* at 486; *Stadel v. Granger Brothers, Inc.*, 4

Mich. App. 250, 258, 144 N.W.2d 609 (1966).

Note that under the statute, there are just two events that, together, trigger an insurer's obligation to proceed to appraisal: 1) a disagreement as to the amount of loss; and 2) a demand for appraisal.

Here, it is undisputed that the parties disagree as to the amount of loss on the BI and debris-removal losses. It is also undisputed that SDRH Salon demanded appraisal, and that Secura had agreed to participate in appraisal. Secura even named its appraiser and determined that the amount of loss on the BI losses are at least $57,825.25.

After SDRH Salon filed a complaint for declaratory action, Secura answered and filed affirmative defenses (not factually supported) asserting that it is **not** required to proceed to appraisal.

Secura raised two arguments:

1.  Appraisal is premature because of "coverage questions", none of which were identified; and

2.  SDRH Salon has allegedly failed to comply with the policy conditions, which again weren't identified.

None of Secura's defenses holds up to analysis.

### 1. Secura's alleged "Coverage Questions"

Appraisal is designed to resolve amount of loss disputes, not legal issues pertaining to "coverage" under the policy. *See, e.g., Auto-Owners Ins.*

9

*Co. v. Kwaiser*, 190 Mich. App. 482, 486, 476 N.W.2d 467 (1991). Thus, "[w]here the parties cannot agree on coverage, a court is to determine coverage in a declaratory action before an appraisal of the damage to the property." *Id.* at 487. Secura asserts appraisal is premature because "coverage questions" exist. Of course, this is an action for Declaratory relief, the parties are before the Court, and to the extent coverage questions do exist, this is the time and place for their resolution.

That being said, there are no legal or "coverage questions." Indeed, in violation of FED. R. CIV. P. 8(c)(1) (i.e. Defendant must "affirmatively state" any avoidance or affirmative defense), Secura's affirmative defenses do not even describe what these alleged "coverage questions" are. ECF No. 4. Secura also violated Under Fed. R. Civ. 9(c) (i.e. "when denying that a condition precedent has occurred or been performed, a party must do so with particularity), again, Secura didn't include with specificity and particularity any factual basis supporting what these alleged "coverage questions" are. *Id.*

In any event, and with respect to any alleged "coverage questions" raised by Secura, every Michigan authority addressing the issue holds that once coverage under the policy has generally been established (here Secura has acknowledged and paid at least $83,000 of losses), questions regarding whether particular elements of damage (i.e. this broken shingle or cracked

pot; that lost income; the amount of debris removal, etc.) are part of the

covered cause of loss, such as fire, smoke, water damage, or something else,

such as long-term wear and tear (for shingles, in connection with a building

claim) or decreased customer demand (for lost sales, in connection with a

claim for loss of business income) is part of the amount of loss determination,

and not a "coverage question." The following passage from *Auto-Owners Ins.*

*Co. v. Kwaiser*, 190 Mich. App. 482, 488, 476 N.W.2d 467 (1991) is

instructive:

> **The decision of the appraisers with regard to what
> particular articles or items of property are embraced
> within the general description of the property they are
> to appraise for damages is final and conclusive.**

(emphasis added).

This common dispute in property insurance claims is oftentimes

referred to as a "scope of loss" dispute; and, Michigan law is clear that

"scope of loss" disputes are properly resolved by the appraisal process.

*Kwaiser*, *supra*., at 488; See also *Smith v. State Farm*, 737 F. Supp. 2d 702,

710 (E.D. Mich. 2010) (Ex. 9); *Olivet Coll. v. Ind. Ins. Co.*, No. 1:98-CV-821,

1999 U.S. Dist. LEXIS 24118 (W.D. Mich. Sep. 2, 1999) (Ex. 10);

Department of Insurance and Financial Services Memorandum, December

20, 2017 (Ex. 11). All of these cited authorities distinguish "scope of loss"

disputes from "scope of coverage" disputes and unequivocally affirm that

an insurer cannot avoid the appraisal process by attempting to re-cast disagreements as to the "scope of loss" as "scope of coverage" issues.

In *Smith v. State Farm Fire & Cas. Co., supra.*, the insureds brought an action against the insurer arising from a dispute as to the scope of remediation necessary to repair the fire and smoke damage to their home. Initially the parties submitted this dispute to appraisal for resolution.

During the appraisal process, however, the insureds' appraiser obtained an air quality assessment from Sanit-Air demonstrating significant air quality issues and the need for extensive remedial repairs. The insurer unilaterally terminated the appraisal process and formally denied the insureds' claim, asserting that the remedial repairs relating to the air quality issues identified in Sanit-Air's report constituted a new claim inappropriate for appraisal because they were for a pre-existing condition or an excluded loss. The insureds thereafter presented a revised report from Sanit-Air identifying the damage resulting solely from fire/smoke and advising they were only seeking appraisal of the repairs necessitated by the fire/smoke damage. State Farm refused to reconsider its position.

In the context of a motion for a temporary restraining order, the *Smith* court observed that State Farm conceded that damage from fire and smoke was covered, and the insureds conceded that damage from

contaminant or pre-existing conditions was not covered. *Id.* at 737 F. Supp.

2d at 710-711.

After reviewing the relevant law, the court concluded that "deciding

what damages fall into which of the two defined categories seems

appropriately addressed by the appraisers, with the help of the air quality

experts if the appraisers so choose." *Id.* at 711. The court reasoned:

> Clearly State Farm and Plaintiffs disagree over the extent of the
> damages caused by the covered loss, and dispute the amount of
> remediation necessary to satisfy the obligations under the
> policy. This is what led the parties to appraisal in the first
> instance and was magnified by the findings in the Sanit-Air
> report. But the fact that the Sanit-Air report uncovered
> damages that potentially relate to cause is not covered under
> the policy (damages as to which Plaintiffs concede they are not
> entitled to recover) does not convert Plaintiffs' original claim
> into a *new* claim, as to which State Farm can create the fiction
> of claim denial and thereby manufacture a "coverage" dispute …
>
> … The Court concludes that this is a classic scope-of-loss issue
> appropriately resolved through the appraisal process …

*Id.* at 711-712.

Likewise, based on the reasoning in *Smith,* this Court in

*UrbCamCom/WSU I, LLC v. Lexington Ins. Co.*, No. 12-CV-15686, 2014

U.S. Dist. LEXIS 56228 (E.D. Mich. Apr. 23, 2014) (Ex. 12) concluded that

the amount of a business interruption loss was not a coverage issue, but a

fact question for Appraisal:

>For the same reasons, the amount of business interruption losses owing in this case is a "scope-of-loss" issue as to the amount of damage owing and is not a coverage issue for the court to decide. The parties agreed to submit to an appraisal process, and their agreement should be enforced here. An appraisal panel is in a better position than the court or a jury to consider inventories, inspect the building, review photographs, address the particularities of commercial building construction, and determine the period for which business interruption losses are due and owing.

*Id.* at \*5.

Similarly, in *Olivet Coll. v. Ind. Ins. Co.*, No. 1:98-CV-821, 1999 U.S. Dist. LEXIS 24118 (W.D. Mich. Sep. 2, 1999) (Ex. 10), the insured's church was damaged when a plumbing line carrying steam from the campus heating plant ruptured. The insured submitted a claim for both interior damage and for structural damage. The insurer conceded coverage for the interior damage but denied coverage for the structural damage, asserting that it was a pre-existing condition.

Like Secura here, the insurer refused to submit to appraisal, claiming there was a legitimate dispute over whether the structural damage was caused by the steam release or was the result of faulty engineering, settling and wear and tear. The insured filed suit seeking an order compelling appraisal, contending that the dispute over the amount of loss was appropriately determined by the appraisers.

14

In granting summary judgment in the insured's favor, the *Olivet* court observed:

> ... almost all insurance to disputes involve some dispute between the parties about whether certain items are kinds of property damage or loss are covered under the policy, and that a rule barring appraisal any time there was even a minor question about whether certain items were excluded from the policy would thwart the purpose of the Michigan legislature in enacting the appraisal statute.

*Id.* at *10.

In concluding that the issue of whether the structural damage was caused by the steam pipe rupturing or by pre-existing causes was an issue to be determined by the appraisers in calculating the amount of loss, the *Olivet* court reasoned:

> ... under Michigan law, the Court is to define what is covered and what is not covered under the policy, and the appraisers then determine whether a particular item meets the definition provided by the Court. As the Michigan Court of Appeals explained, the appraisers are to decide "what particular articles or items of property are embraced within the general description of the property they are to appraise for damages...." [*Auto-Owners Insurance Co. v. Kwaiser*, 190 Mich. App. 482, 488, 476 N.W.2d 467, 470 (1991)].  The court in *Kwaiser* further noted that the determination by the appraisers of whether a particular item falls within the general description of the property they are to appraise "reflects the method of determining the loss rather than a matter of coverage." *Id.* A contrary reading of the appraisal remedy would require this Court to conduct an item-by-item (or crack-by-crack) determination of exactly which losses fall within the scope of coverage and which items are excluded because they were the

result of prior causes, a task properly undertaken by the appraisers.

*Id.* at *16.

Recently, the Michigan Department of Insurance and Financial

Services addressed the issue, stating:

Michigan law provides that: "Matters of an insurance policy's coverage are generally for a court and not for appraisers." Once an insurer admits that a loss is covered under its policy, a court is statutorily mandated to order the parties to participate in Michigan's statutory appraisal process, as the parties do not dispute liability and only are at odds about the amount of loss …

There appears to be uncertainty among some insurers and policyholders as to the proper forum for claim resolution in circumstances where an insurer acknowledges that there is liability under the policy for some damages claimed by a policyholder, but there is disagreement concerning the amount of loss because the insurer believes that some of the damages claimed by the policyholder are not covered by the policy of insurance. Under these circumstances, Michigan courts have held: Under Michigan law, the court is to determine what is covered and what is not covered under the policy, and the appraisers then determine whether a particular item meets the definition provided by the Court. **As the Michigan Court of Appeals explained, the appraisers are to decide "what particular articles or items of property are embraced within the general description of the property they are to appraise for damages**. The Court in *Kwaiser* further noted that the determination by appraisers of whether a particular item falls within the general description of the property they are to appraise "reflects the method of determining the loss rather than a matter of coverage."

(internal citation omitted) (emphasis added).

16

the Director continues to consider participation in the appraisal process under Section 2833(1)(m) to be mandatory in those situations.

This Memorandum, therefore, serves as clarification that, when coverage is not in dispute, the issue of "actual cash value or amount of the loss" can be determined via the appraisal process as described in Section 2833(1)(m). Further, when a party demands an appraisal in accordance with Section 2833(1)(m), an insurer's participation in the appraisal process is mandatory.

The Director will continue to enforce Section 2833(1)(m). Insurers that refuse to submit to the appraisal process could be subject to enforcement action.

Ex. 12, Opinion of the Director, Patrick McPharlin, Department of Insurance and Financial Services Memorandum, Dec. 20, 2017. (Emphasis added).

Like the cases cited above, Secura cannot avoid appraisal by claiming there are coverage questions. The most significant disagreement appears to be whether SDRH Salon is entitled to amounts equaling seven months or 12 months in business-income losses, and another $2,500 in debris removal. Like the disputes in *Smith, supra., UrbCamCom/WSU I, LLC, supra,* and *Olivet College, supra.*, this is a factual dispute concerning the scope of loss for the appraisal panel to conclusively resolve.

In summary, coverage has already been acknowledged, and Secura has paid payments exceeding $83,000. The only dispute is the amount of loss of BI: Is it amounts equaling seven months or 12 months. Thus, Secura is

welcome to argue to an appraisal panel that SDRH Salon lost sales due to a bad economy or other non-covered causes of loss. But it cannot have this Court determine, on a transaction-by-transaction basis, whether each of the thousands of lost sales comprising SDRH Salon's BI claim resulted from the disruption of operations from the fire, smoke, or water damage, or whether it can be explained by some other reason, which every Michigan authority agrees would invade the province of the appraisal panel and, incidentally, would put the Court in the untenable position of sifting through thousands of pages of documents pertaining to sales of a women's hair salon in an effort to figure out which sales were or were not lost due to the fire, smoke, or water damage, a function more properly and efficiently performed by an appraisal panel, as envisioned by the legislature.

## IV. Conclusion

Secura ceded coverage when it made over $83,000 in payments on SDRH Salon's claim. Calculating the amount of SDRH Salon's business-income and debris-removal losses involve fact issues, not a coverage determination. Under Michigan law and the parties' insurance contract, the resolution of fact issues over the amount of loss is a function that the Michigan legislature expressly reserved for an Appraisal panel. Accordingly, SDRH Salon respectfully requests this Honorable Court grant summary

judgment and compel statutory appraisal.

## V. Relief Requested

Wherefore, Plaintiff, SDRH Salon, LLC respectfully requests that this

Honorable Court enter an Order affording the following relief:

a. Declare that the dispute regarding the amount of business-income and debris-removal losses must be submitted to binding statutory appraisal under MICH. COMP. LAWS §500.2833(1) and (1)(m);

b. Appoint a neutral umpire for the appraisal proceeding from the names previously provided: Bill Butler; Retired Judge Daniel Ryan; or Kara Tertzag Levidini;

c. Compel Defendant Secura Insurance, a Mutual Company, to immediately pay the business-income amounts it calculated and that it is not disputing (an additional $24,782.25), along with 12-percent penalty interest;

d. Upon completion of the appraisal proceedings, enter Judgment for Plaintiff, SDRH Salon, LLC, for the amounts of the appraisal award plus 12-percent interest under MICH. COMP. LAWS §500.2833(1) and MICH. COMP. LAWS §500.2006; and

e. Grant SDRH Salon costs, attorney fees, and any other relief this Honorable Court deems fair and just.

Respectfully submitted,

*/s/ Rabih Hamawi*
Rabih Hamawi (P80481)
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, Michigan 48075
rh@hamawilaw.com

Date: November 13, 2019

## Certificate of Service

I certify that on November 13, 2019, I electronically served a copy of Plaintiff's Motion and Brief for Summary Judgment and to Compel Statutory Appraisal upon all parties of record.

*/s/ Rabih Hamawi*
Rabih Hamawi (P80481)
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI 48075
(248) 905-1133
rh@hamawilaw.com

Dated: November 13, 2019